# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

KARL CARTER,                                                                                                  PLAINTIFF

v.                                          1:13CV00079-KGB-JJV

JEREMY GLENN; *et al.,*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Kristine Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence

desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

While in the North Central Unit of the Arkansas Department of Correction, Plaintiff Karl Carter filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights. (Doc. No. 2.) Defendants Glenn, Downings, and Stewart filed a Motion to Dismiss and Plaintiff has responded. (Doc. Nos. 13, 15.) After careful review, the Court finds the Motion to Dismiss should be DENIED.

### I.   BACKGROUND

Mr. Carter alleges that on August 25, 2012, Officer Glenn wrote a false disciplinary in retaliation for requesting a grievance form. (Doc. No. 2 at 5.) On October 22, 2013, Carter states he was retaliated against by Sergeant Downings when he tried to submit a grievance against Officer Tyson. (*Id*. at 6.) Mr. Carter says that on October 30, 2012, Mr. Steward also retaliated and discriminated against him and initiated false disciplinary charges against him. (*Id*. at 7.)

In his Complaint, Mr. Carter states he pursued relief through the Arkansas Claims Commission. Based on this assertion, Defendants seek dismissal based on the doctrine of res judicata and collateral estoppel. (Doc. No. 14.)

### II.   MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*[1], the Supreme Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level."[2] A complaint must contain enough facts to state a claim to relief that is plausible on its face.[3]

Defendants state this action is barred by the doctrine of res judicata and collateral estoppel. They cite *Steffen v. Housewright*, 665 F.2d 245 (8th Cir. 1981), in support of their position. In *Steffen*, the district court stated:

> The doctrine of collateral estoppel precludes relitigation of factual issues actually litigated and determined in a prior suit. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (75 S. Ct. 865, 867, 99 L. Ed. 1122) (1955). When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose. *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421-422 (86 S. Ct. 1545, 1559-1560, 16 L. Ed. 2d 642) (1966). This is equally true for the theory of collateral estoppel. See *Tidewater Oil Company v. Jackson*, 320 F.2d 157, 161 (10th Cir. 1963).

*Id.* at 247.

The Court also noted:

> There are at least four elements which must be satisfied before an order in a former action can be given collateral estoppel effect in a latter proceeding: (1) (T)he issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) that determination must have been essential to the prior judgment. *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976); see 1B J.

---

[1] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted).

[2] *Id.* (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

[3] *Twombly*, 550 U.S. at 570. *See also Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

Moore, Federal Practice P 0.443(1) (2d ed. 1974); Restatement (Second) of Judgments, Tent. Draft No. 1, s 68 (March 28, 1973).

*Id.* (citing *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 218-219 (8th Cir. 1997)).

After a close review of the evidence in this case, the Court concludes that Mr. Carter's case is distinguishable from *Steffen* for one important reason - the issues were never "actually litigated." The record contains a letter from the Arkansas Claims Commission stating his constitutional claims were dismissed because those are matters "dealt with in federal court." (Doc. No. 2 at 24.) The summary dismissal - directing Mr. Carter to pursue his claims in federal court - fails to support a finding that he actually litigated these claims.

The best case for dismissal is the retaliation claim against Sgt. Downings. Mr. Carter's Complaint includes an undated ADC motion to dismiss the retaliation claims against Downings. (*Id.* at 21.) But the record fails to show how the motion was adjudicated. So the current Motion to Dismiss should be denied.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion to Dismiss (Doc. No. 13) be DENIED.

DATED this 6th day of February, 2014.

                                        JOE J. VOLPE
                                        UNITED STATES MAGISTRATE JUDGE